Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/16/2025 09:06 AM CDT




                                                         - 810 -
                             Nebraska Court of Appeals Advance Sheets
                                  33 Nebraska Appellate Reports
                                               STATE V. EMMANUEL A.
                                                Cite as 33 Neb. App. 810




                                        State of Nebraska, appellee, v.
                                           Emmanuel A., appellant.
                                                     ___ N.W.3d ___

                                        Filed September 16, 2025.   No. A-25-516.

                 1. Criminal Law: Courts: Juvenile Courts: Jurisdiction: Appeal
                    and Error. A trial court’s denial of a motion to transfer a pending
                    criminal proceeding to the juvenile court is reviewed for an abuse
                    of discretion.
                 2. Judgments: Words and Phrases. An abuse of discretion occurs when a
                    trial court’s decision is based upon reasons that are untenable or unrea-
                    sonable or if its action is clearly against justice or conscience, reason,
                    and evidence.
                 3. Judgments: Jurisdiction: Appeal and Error. A jurisdictional question
                    that does not involve a factual dispute is determined by an appellate
                    court as a matter of law, which requires the appellate court to reach a
                    conclusion independent of the lower court’s decision.
                 4. Statutes: Appeal and Error. Statutory interpretation presents a ques-
                    tion of law which an appellate court reviews independently of the
                    lower court.
                 5. Juvenile Courts: Jurisdiction. Whether the juvenile court has jurisdic-
                    tion over a person is determined not by the person’s age at the time
                    of the offense, but, rather, by the person’s age at the time he or she is
                    charged for the offense.
                 6. ____: ____. The determination of whether an individual is a “juvenile”
                    within the provisions of Neb. Rev. Stat. § 43-247 (Cum. Supp. 2024)
                    should be based on the individual’s age on the date when that indi-
                    vidual was charged with an offense. If an individual is a “juvenile” on
                    the date he or she is charged with an offense, the juvenile court may
                    exercise jurisdiction over that individual under the relevant subsection
                    and may continue to exercise jurisdiction under § 43-247(12) until the
                    individual reaches the age of majority.
                                    - 811 -
          Nebraska Court of Appeals Advance Sheets
               33 Nebraska Appellate Reports
                          STATE V. EMMANUEL A.
                           Cite as 33 Neb. App. 810

 7. Courts: Juvenile Courts: Jurisdiction. If otherwise appropriate, a case
    involving an individual who was a juvenile when charged in county
    court or district court may be transferred to the juvenile court until that
    individual reaches the age of majority.

  Appeal from the District Court for Douglas County: J
Russell Derr, Judge. Affirmed.
   Thomas C. Riley, Douglas County Public Defender, and
Jessica C. West for appellant.
 Michael T. Hilgers, Attorney General, and Jacob M.
Waggoner for appellee.
   Riedmann, Chief Judge, and Moore and Freeman, Judges.
   Moore, Judge.
                      INTRODUCTION
   Emmanuel A. appeals from the order of the Douglas County
District Court that denied his motion to transfer his criminal
case to juvenile court. The juvenile court could not acquire
jurisdiction of Emmanuel under Neb. Rev. Stat. § 43-247(2)
(Cum. Supp. 2024) because he was not a “juvenile” as defined
under Neb. Rev. Stat. § 43-245(11) (Cum. Supp. 2024) at the
time he was charged. We affirm.

                  STATEMENT OF FACTS
   Emmanuel was in a relationship with the victim, E.H.,
at the time of the alleged offense on January 16, 2023. The
police reports indicate that Emmanuel and E.H., both age 16
at the time, had consensual sex earlier in the day. Later, E.H.
fell asleep. She woke to Emmanuel having penile-vaginal
intercourse with her without her consent. E.H. reported the
incident to law enforcement on January 23 and was inter-
viewed at an advocacy center; however, E.H. apparently did
not want to move forward with charges at that time because
she feared going through the process, she did not have her
                              - 812 -
        Nebraska Court of Appeals Advance Sheets
             33 Nebraska Appellate Reports
                     STATE V. EMMANUEL A.
                      Cite as 33 Neb. App. 810

parents’ support, and she did not want to disrupt Emmanuel’s
family. Later, in October 2024, E.H. was again interviewed
at an advocacy center, and a complaint was subsequently
filed in county court in November, charging Emmanuel with
first degree sexual assault, a Class II felony. An information
was thereafter filed in district court on December 9, charging
the same offense. Emmanuel was 18 years old at the time the
charges were filed.
   Emmanuel moved to transfer the case to juvenile court on
January 6, 2025. The case was originally set to be heard on
April 21, but Emmanuel’s attorney moved to continue the case,
and it was heard on June 16.
   At the hearing, the State offered in evidence the police
reports relating to the investigation of the offense; the “NCIC
criminal record” for Emmanuel; and a memorandum from the
juvenile probation office outlining the general process and
services available through juvenile probation. The State also
offered the forensic recorded interview with E.H. Emmanuel
offered in evidence an affidavit of Melissa Driscoll, a juve-
nile court coordinator with the public defender’s office; a
transfer evaluation report by Dr. Colleen Conoley; and a psy-
chosexual evaluation by Dr. Krystine Jackson.
   Emmanuel has no prior criminal record and no status or
delinquency history with the juvenile court. In her affidavit,
Driscoll indicated that she was familiar with the allegations
against Emmanuel, and she opined that there were services
available to him through the juvenile court, which specific ser-
vices she listed in her report.
   Conoley conducted a psychological evaluation of
Emmanuel in April 2025 for the purpose of reviewing the
statutory factors related to the motion to transfer to juve-
nile court. She interviewed Emmanuel, his parents, and his
sister. She also reviewed school records and administered
various tests. Conoley noted that there was no remarkable
medical history or mental health intervention for Emmanuel.
                              - 813 -
        Nebraska Court of Appeals Advance Sheets
             33 Nebraska Appellate Reports
                     STATE V. EMMANUEL A.
                      Cite as 33 Neb. App. 810

Beginning in the 5th grade, Emmanuel qualified for spe-
cial education services under a specific learning disability;
these services continued through the 12th grade. During the
initial assessment for the services, although Emmanuel dis-
played some of the characteristics commonly associated with
students with autism spectrum disorder, the results of the
assessment were inconsistent. He graduated from high school
in May 2025.
   Emmanuel scored in the very low range on the “Wechsler
Adult Intelligence Scale.” The “Autism Spectrum Rating
Scale” findings “strongly suggest[ed]” that Emmanuel met the
diagnostic criteria for autism spectrum disorder. Other testing
showed that he has impaired or extremely low social language
abilities and continues to need a substantial level of care
and support as it relates to his adaptive behavior. Conoley’s
diagnosis for Emmanuel was “Autism Spectrum Disorder . . .
Level 2 Severity — requiring substantial support.” Conoley
also evaluated Emmanuel’s risk and treatment amenability.
She noted that he had his first sexual relationship at age 16,
“without adequate knowledge about rules and consequences
related to sex.” She stated that Emmanuel’s “newly diagnosed”
autism spectrum disorder is critical in understanding how to
effectively rehabilitate him. Conoley opined that a therapeutic
approach will be more effective than a punitive approach, as
most programs that address sexually deviant behaviors within
the criminal justice system are designed for antisocial tenden-
cies and not the deficits of autism. Conoley recommended that
Emmanuel apply for developmental disability benefits to allow
him to gain access to community-based services. Conoley
opined that Emmanuel does not need out-of-home placement
or direct supervision as he is not a direct threat to public
safety. She recommended specific community-based treatment
options. Finally, Conoley discussed the statutory factors under
Neb. Rev. Stat. § 43-276 (Cum. Supp. 2024).
   Jackson conducted a psychosexual evaluation of Emmanuel
in April 2025, and her report was received in evidence.
                              - 814 -
        Nebraska Court of Appeals Advance Sheets
             33 Nebraska Appellate Reports
                     STATE V. EMMANUEL A.
                      Cite as 33 Neb. App. 810

Among her observations and research regarding recidivism
rates of juvenile sexual offenders, she noted that juveniles
consistently show low sexual recidivism in comparison to
adult sexual offenders. Jackson opined that Emmanuel’s risk
for recidivism falls around “3.1-9.5% within five years,
should he remain in the community.” Further, she stated that
as he ages, builds on protective factors, and spends more
time in the community, the more his risk of recidivism will
continue to decline. Jackson opined that Emmanuel can be
treated in an outpatient setting (residing with his parents)
while seeking weekly individual treatment services.
   The district court entered its order on July 3, 2025, denying
the motion to transfer the case to juvenile court. The district
court first determined that because Emmanuel was 18 years
old at the time the charge was filed, his case cannot be trans-
ferred to juvenile court. The court cited to § 43-247(2), which
provides for juvenile court jurisdiction for any “juvenile”
who has committed an act which would constitute a felony.
And the court noted that § 43-245(11) defines “[j]uvenile”
as any person under the age of 18 (although the court noted
the statute also defines age of majority as 19). Emmanuel
asserted that the case of State v. Aldana Cardenas, 314 Neb.
544, 990 N.W.2d 915 (2023), supports that the juvenile court
has jurisdiction until the juvenile reaches the age of major-
ity. The district court distinguished Aldana Cardenas, noting
that the juvenile was younger than 18 years of age at the
time the charges were filed and that the Supreme Court only
determined that the issue of transfer to the juvenile court did
not become moot when the defendant turned 18 years of age
during the pendency of the appeal.
   Notwithstanding the determination that Emmanuel’s case
cannot be transferred to the juvenile court, for judicial effi-
ciency, the district court addressed whether the case is appro-
priate for transfer. The court briefly discussed the various
factors set forth in § 43-276(1). The court noted that although
                               - 815 -
        Nebraska Court of Appeals Advance Sheets
             33 Nebraska Appellate Reports
                      STATE V. EMMANUEL A.
                       Cite as 33 Neb. App. 810

Emmanuel would likely be amenable to treatment, because
he turns 19 years of age in a few months, it is highly likely
that jurisdiction over him is necessary far beyond that limited
time period. The court found that the alleged offense included
violence, both Emmanuel and the victim were 16 years old at
the time of the offense, Emmanuel has apparently admitted to
the assault, and he has no previous criminal or juvenile court
history. The court noted that it is “obviously” in Emmanuel’s
best interests that the case be transferred and that he receive
therapy. The court further noted that the evaluators believe
there is little chance for recidivism and that Emmanuel likely
appreciates the seriousness of the charges as he has expressed
remorse and made statements of apology. However, the court
found that supervision of Emmanuel is necessary beyond
his reaching the age of majority. The court also noted that
pretrial diversion is not available for this offense, Emmanuel
has not been convicted of use or possession of a firearm, and
there is no evidence that he is associated with gang activ-
ity. The court noted Emmanuel’s assertions that he is on
the autism spectrum and that the State’s delay in filing the
charge severely prejudiced him.
   The district court concluded that although some of the above
factors lean in favor of transferring the case, two of the factors
that do not are “both domina[nt]” in the court’s decision: (1)
Emmanuel cannot successfully complete appropriate rehabili-
tative treatment in the juvenile court within the jurisdictional
limited timeframe, and (2) the fact that there is a victim who
was the target of a violent act by Emmanuel.
   Emmanuel appeals.

                 ASSIGNMENTS OF ERROR
   Emmanuel assigns, restated, that the district court (1) erred
in finding that his case was not eligible for transfer to juvenile
court and (2) abused its discretion in denying his motion to
transfer.
                               - 816 -
        Nebraska Court of Appeals Advance Sheets
             33 Nebraska Appellate Reports
                      STATE V. EMMANUEL A.
                       Cite as 33 Neb. App. 810

                   STANDARD OF REVIEW
   [1,2] A trial court’s denial of a motion to transfer a pending
criminal proceeding to the juvenile court is reviewed for an
abuse of discretion. State v. Aldana Cardenas, 314 Neb. 544,
990 N.W.2d 915 (2023). An abuse of discretion occurs when a
trial court’s decision is based upon reasons that are untenable
or unreasonable or if its action is clearly against justice or con-
science, reason, and evidence. Id.
   [3] A jurisdictional question that does not involve a factual
dispute is determined by an appellate court as a matter of law,
which requires the appellate court to reach a conclusion inde-
pendent of the lower court’s decision. Id.
   [4] Statutory interpretation presents a question of law
which an appellate court reviews independently of the lower
court. Id.
                           ANALYSIS
   Section 43-247(2) grants jurisdiction to the juvenile court
of “[a]ny juvenile who has committed an act which would
constitute a felony under the laws of this state and who was
eleven years of age or older at the time the act was commit-
ted.” Section 43-245(11) defines “[j]uvenile” as “any person
under the age of eighteen.” The juvenile court has jurisdiction
over “any individual adjudged to be within the provisions of
this section until the individual reaches the age of majority or
the court otherwise discharges the individual from its jurisdic-
tion.” § 43-247(12). “Age of majority” is defined as “nineteen
years of age.” § 43-245(2).
   [5] In State v. Aldana Cardenas, supra, the Nebraska
Supreme Court addressed the question of whether the juve-
nile court had jurisdiction over a defendant who turned
18 years old during the pendency of the appeal. The court
first rejected the State’s contention that the court’s decision
in State v. Pauly, 311 Neb. 418, 972 N.W.2d 907 (2022),
held that whether the juvenile court has jurisdiction over a
                              - 817 -
        Nebraska Court of Appeals Advance Sheets
             33 Nebraska Appellate Reports
                     STATE V. EMMANUEL A.
                      Cite as 33 Neb. App. 810

particular person is determined not be the person’s age at the
time of the offense, but, rather, by his or her age at the time
the juvenile court is expected to acquire jurisdiction. The
court reiterated that Pauly held that “‘whether the juvenile
court has jurisdiction over a person is determined not by the
person’s age at the time of the offense, but, rather, by the per-
son’s age at the time he or she is charged for the offense.’”
See State v. Aldana Cardenas, 314 Neb. at 550, 990 N.W.2d
at 922 (emphasis in original). The court in Aldana Cardenas
stated that Pauly indicates that
      the relevant date for determining a person’s age, and
      therefore whether that person is a “juvenile” for pur-
      poses of juvenile court jurisdiction, is when the person
      is originally charged for an offense, whether that person
      is charged by complaint in the county court, by infor-
      mation in the district court, or by petition in the juve-
      nile court.
314 Neb. at 550-51, 990 N.W.2d at 922. The defendant in
Pauly was 18 years old when the charged offenses were
alleged to have occurred, but he was 21 years old on the date
he was charged. Therefore, by the time he was charged, he had
reached the age of majority, and the juvenile court could no
longer exercise jurisdiction over him under § 43-247(12). See,
also, State v. Parks, 282 Neb. 454, 803 N.W.2d 761 (2011)
(defendant was 24 years old when charged for offenses alleged
to have occurred when he was 14 or 15 years old; juvenile
court’s jurisdiction ended when juvenile reached age of major-
ity, and district court was not required to consider motion to
transfer case to juvenile court).
   The court in State v. Aldana Cardenas, 314 Neb. 544, 550,
990 N.W.2d 915, 921 (2023), then rejected the State’s argu-
ment that since the defendant had turned 18 years old, he
has “‘aged out of the period when the juvenile court could
acquire jurisdiction over him’” and that the case was there-
fore moot. The court concluded that because the defendant
                              - 818 -
        Nebraska Court of Appeals Advance Sheets
             33 Nebraska Appellate Reports
                     STATE V. EMMANUEL A.
                      Cite as 33 Neb. App. 810

was under 18 years old at the time he was charged, he was
therefore a “juvenile” over whom the juvenile court could
exercise jurisdiction under § 43-247(2). And, he remained eli-
gible for transfer to the juvenile court until he reached the age
of majority upon turning 19 years old. Therefore, the court
concluded that the appeal was not moot.
   [6,7] In reaching this conclusion, the court in Aldana
Cardenas stated:
      In summary, under the relevant statutes, we understand
      the determination of whether the individual is a “juve-
      nile” within the provisions of subsection (2) and other
      relevant subsections of § 43-247 should be based on the
      individual’s age on the date when that individual was
      charged with an offense. If an individual is a “juvenile”
      on the date he or she is charged with an offense, the juve-
      nile court may exercise jurisdiction over that individual
      under the relevant subsection and may continue to exer-
      cise jurisdiction under § 43-247(12) until the individual
      reaches the age of majority. Furthermore, if otherwise
      appropriate, a case involving an individual who was a
      juvenile when charged in county court or district court
      may be transferred to the juvenile court until that indi-
      vidual reaches the age of majority.
314 Neb. at 553-54, 990 N.W.2d at 923-24.
   Here, our facts differ from Aldana Cardenas in that
Emmanuel was 18 years old at the time he was charged with
the alleged offense. Nevertheless, we find the court’s hold-
ing in that case dictates our conclusion that the juvenile court
could not acquire jurisdiction of Emmanuel under § 43-247(2)
because he was not a “[j]uvenile” as defined under § 43-245(11)
at the time he was charged. Thus, the juvenile court could not
exercise continuing jurisdiction under § 43-247(12), pursuant
to a motion to transfer the case. We agree with the district
court that it was without authority to entertain the motion to
transfer Emmanuel’s case to juvenile court.
                              - 819 -
        Nebraska Court of Appeals Advance Sheets
             33 Nebraska Appellate Reports
                     STATE V. EMMANUEL A.
                      Cite as 33 Neb. App. 810

   For the sake of completeness, we further find no abuse of
discretion in the district court’s conclusion that even if juris-
diction existed in the juvenile court, the State proved a sound
basis for retention of the case in district court under Neb. Rev.
Stat. § 29-1816(3)(a) (Cum. Supp. 2024) and § 43-276.
                       CONCLUSION
  The juvenile court could not acquire jurisdiction of Emmanuel
under § 43-247(2) because he was not a “[j]uvenile” as defined
under § 43-245(11) at the time he was charged.
                                                     Affirmed.
